CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

OCT 15 2009

JOHN F. CORCORAN, CLERK
BY:
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ANTONIO WALTERS, ) | |
| Plaintiff, ) | Civil Action No. 7:09cv00409 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| M. BUCLES, et al., ) | By: Samuel G. Wilson |
| Defendants. ) | United States District Judge |

Plaintiff, Antonio Walters, a Virginia inmate proceeding pro se, filed this civil rights action, pursuant to 42 U.S.C. § 1983, claiming that the defendants denied him "religious materials and money without reason." The court finds that Walters' complaint is frivolous, and therefore, dismisses it.

## I.

Walters alleges that he wanted to purchase the book "The African Origins of Civilization, Volume 1" and submitted a Personal Property Request Form. He states, and submits evidence, that defendant Correctional Officer Bucles approved his request. After obtaining approval to receive the property, Walters claims that he submitted a request for a money order payable to defendant Sema Institute of Yoga ("Sema"), which he claims was approved and issued by defendant "John Doe." The money order was then sent to Sema. Months later, after not receiving his book, Walters filed an informal complaint. Defendant Lt. Colins responded to his complaint indicating that the book had not arrived at the prison and that Walters should contact Sema regarding his order. Thereafter, Walters submitted two Offender Request for Information forms asking prison officials to look into the matter. Officials responded indicating that the book still had not arrived and providing Walters with a Money Order Tracing/Refund Request form. Walters submitted the form and paid $15.33 to trace his money order. According to customer service at Global Express Financial Services, Sema

cashed Walters' money order approximately two months after he sent it and several months before his inquiry. Thereafter, Walters filed another informal complaint with the prison indicating that he had sent the money, the money order had been cashed, and that he still had not received his book. Defendant Sgt. Young responded to his complaint indicating that the book still had not arrived and advised Walters to write to the business office. Walters appealed to the Warden, who responded that the book had not been delivered to the prison, that prison officials had contacted Sema twice, and that Sema had indicated that they would look into the matter but had not responded since. Walters also claims that he sent a letter to Sema, but that they never responded.

Walters complains that the defendants have denied him "religious materials and money without reason" and seeks $3 million for "emotional, physical, and psychological stress, the right to practice and exercise [his] religious rights, and whatever damages the courts deem ne[ces]sary."

## II.

To state a cause of action under §1983, a plaintiff must allege facts indicating that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). In this case, Walters has failed to allege any deprivation of his constitutional rights by persons acting under color of state law, and therefore, the court dismisses his action.

As an initial matter, Sema Institute of Yoga is not a "person acting under color of state law," and therefore, the court dismisses Sema as a defendant in this action. See Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999) ("[T]he under-color-of-state-law element of § 1983 excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful.'" (citations omitted)); Lugar v. Edmonson Oil Co., 457 U.S. 922 (1982) (establishing a two-part test for

determining whether conduct may be "fairly attributable to the State.").

Further, although Walters alleges that the defendants violated his "religious rights," he alleges no facts to support his conclusory allegation. In fact, other than naming defendant Operations Officer Y. Taylor in the caption of the case, Walters alleges no facts against Taylor. Therefore, the court dismisses Walters claims against Taylor. Moreover, Walters has not alleged any wrong-doing by any of the remaining defendants. Rather, he simply alleges that he paid a private company for a book that was never sent to him. He does not allege that the book was ever received by anyone at the prison and he does not indicate how any of the remaining defendants could possibly be responsible for Sema's non-delivery of the book. Accordingly, the court finds that Walters has not alleged that the remaining defendants deprived him of any right guaranteed by the Constitution or laws of the United States and, therefore, dismisses this action.

### III.

For the reasons stated, the court dismisses Walters' complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

ENTER: This 14th day of October, 2009.

_____
United States District Judge